### GILLIAM *vs.* THE STATE OF GEORGIA

1. Upon a motion to enter up judgment for a witness' fee, on an indictment, when the defendant had been convicted, and on which motion an issue has been made up and submitted to the jury for trial, the subpœna under which the witness attended, with the endorsed affidavit thereon of the number of days in attendance, the distance traveled, etc., with an order of the Court approving the bill, and ordering it to be paid by the county treasurer, is sufficient proof, *prima facie*, under the statute, to authorize the motion to prevail. The same being a substantial compliance with the act regulating the collection of witneses' fees in criminal cases.

2. In such case, when the defendant offers no proof in support of the grounds taken in his issue tendered, a verdict of the jury is unnecessary; the Court should withdraw the issue, and order the judgment to be entered.

Motion to enter up judgment for witness' fees, in Dougherty Superior Court, decided by JUDGE ALLEN, at the December Term, 1861.

The facts and questions presented by the record in this case are as follows:

Joab J. Gilliam was convicted of an assault and battery, and sentenced to pay a certain fine, and the costs of the prosecution. He paid the fine and all the costs, except the fees of the witnesses. Christianna Axon was subpœnaed as a witness in said case, in behalf of the State, and when the prosecution terminated, she made out an account against the county of Dougherty, for her attendance, under the subpœna, twenty-six days, $25 ; and for traveling to and from Court, two terms, whilst she lived in the county of Calhoun, a distance of twenty-six miles from the place of trial, $6 45, and also for traveling to and from Court two terms, whilst she lived in the county of Decatur, a distance of sixty miles from the place of trial, $16 45. This account was verified by the affidavit of the witness, made on the subpœna. Upon this showing, the presiding Judge passed an order: "That the amount of said account be taxed in the bill of costs, and that the county treasurer pay the same out of the county funds."

At the June Term, 1860, a rule *nisi* was taken, reciting the foregoing facts, and that the Clerk had failed, by mistake, or other cause, to tax in the bill of cost the fees due to said witness, and requiring the said Joab J. Gilliam to show cause why judgment should not be entered up against him for the costs and fees due to said witness.

In answer to this rule, Gilliam alleged : That no witness residing out of Dougherty county, had ever been subpœnaed in said case; that the witness charged more in said account than was due her, both for attendance and mileage; that she attended Court under subpœna in civil cases, and other State cases, and was entitled to pay only on one subpœna; and that before he was discharged from custody by the sheriff, he paid all the cost that was due from him in said case.

The issue thus made up, was submitted to a jury at the December Term, 1860.

On the trial of the case, the plaintiff read in evidence the bill of indictment, with the verdict and judgment thereon, and a receipt to the defendant for the fine, and all cost, except witness' fees; also, the subpœna, the account of witness, the affidavit verifying the same, and the order of the Judge directing the amount to be taxed in the bill of cost, and paid by the county treasurer, and closed the case.

Counsel for defendant moved a judgment of non-suit against the State, which was overruled. The jury then returned a verdict for the State.

The error assigned, is the refusal of the Judge to grant the non-suit moved for.

STROZIER & SMITH for plaintiff in error.

WARREN & WARREN for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The plaintiff in error had been convicted of assault and battery in the Superior Court of Dougherty county, and fined $50 and costs of the prosecution. In entering up judgment for the costs against him, the Clerk had neglected

Gilliam *vs.* The State of Georgia.

to tax in the bill of costs the fees of a witness in said case, amounting to the sum of $74 45.

This fact being made known to the Superior Court of Dougherty county, at the June Term, 1860, of that Court, a rule *nisi* was granted, calling on the plaintiff in error to show cause why judgment should not be entered up against him for the costs so omitted to be charged in the original judgment.

Plaintiff in error, in answer, showed, for cause, various reasons why the rule *nisi* should not be allowed; but, as none of them were relied on in the trial, it is unnecessary to notice them.

Upon the answer, however, an issue was made up, and the parties went to trial, at the December Term, 1860.

Counsel representing the motion tendered in evidence the original subpœna to the witness, with an affidavit, endorsed thereon, of the witness of the number of days she had been in attendance on the Court as a witness, and the number of miles she had traveled to the Court, from the respective counties in which she resided at the time of her attendance. To this evidence plaintiff in error objected, which objection was overruled by the Court, and the evidence went to the jury. The bill of indictment, with judgment of conviction, and an order of the Court passing upon the account of the witness, as sworn to on the back of the subpœna, and ordering the same to be taxed in the bill of costs, and to be paid to the witness by the treasurer of the county funds, were also put in evidence. When the evidence was closed, the plaintiff in error moved that the Court award a non-suit, meaning, we suppose, that the Court should, on this evidence, discharge the rule *nisi.* The Court refused the motion, and the plaintiff in error complains that the Court erred.

1. In allowing the subpœna, with the endorsed affidavit of the witness, to go to the jury as evidence.

2. In refusing the motion to discharge the rule *nisi.* for want of sufficient evidence to make out a case against the plaintiff in error. These are the two questions made by this

8

record. We will consider them together, as they will form but one, and that is, whether, upon the case, the motion to enter up judgment ought to have been allowed by the Court?

The Act of 30th December, 1836, Cobb, 279, providing for the compensation of witnesses who are compelled to attend on Courts, as witnesses for the State, in counties other than those of their residence, enacts that such persons shall be entitled to the fees therein stipulated, upon making affidavit before certain officers, ".to the number of days he or she has been in attendance on the Court, and the number of miles traveled in going to and returning from the Courts;" which affidavit, when countersigned by the Clerk of the Court, becomes a warrant on the county treasurer for the amount due on the same, to be collected out of the defendant for the use of the county, when the same has been paid out of the county funds, in case of conviction, in the same manner as other costs.

To fix the liability of a convicted defendant for the witness' fees, it is only necessary to show a substantial compliance with the provisions of that act on the part of the witness and the Court. Here, the witness had made the affidavit required, and in the manner required. It does not appear that the same was countersigned by the Clerk of the Court; if it was, then nothing more was necessary in the absence of rebutting proof; but it does not appear that the affidavit was not countersigned by the Clerk, and, in the absence of affirmative proof of that fact, the presumption is that it was so countersigned. Whether the affidavit was so countersigned or not is immaterial in this case, for after the affidavit was so made, it was submitted to the Court, who approved, and ordered the same to be paid out of the funds of the county, and taxed in the bill of costs of the case, and this, in the opinion of this Court, was a substantial compliance with the requirements of the act, and fixed the liability of the plaintiff in error for the payment of the same. Of course, the plaintiff in error was not excluded thereby from showing that the affidavit was false, that she did not attend the stated number of days, or travel the distance charged, or

that she was a citizen of Dougherty, and therefore not entitled to so much compensation; and this was what he proposed to do, and for that purpose an issue was allowed him by the Court to be tried by a jury.

2. But, as he offered no evidence to support his issue, the intervention of the jury was wholly unnecessary. The Court did right to refuse the motion to discharge the rule *nisi;* indeed the Court ought to have made the rule absolute without submitting it to the jury, there being no evidence whatever offered by the plaintiff in support of this issue.

Judgment affirmed.